*It ſeems,*
that a new
Trial may be
granted where
the Verdict is
againſt Law
and Evidence,
but not where
there is Evi-
dence on both
Sides.

### Angier *verſ.* Jackſon.

MOTION was made for a new Trial. This Cauſe was from Middleſex. It ſeems the Jury gave a Verdict for Damages in Favour of Jackſon, original Plaintiff, contrary to the Mind of the Court.

*Trowbridge.* When the Jury give a Verdict againſt Evidence, the Court may grant a new Trial. That Jury are not abſolute Judges of Evidence and Damages, ſee Holt's Rep. 701, 702, *Aſh* vs. *Lady Aſh.* Jurys are to try Cauſes with the Aſſiſtance of Judges. Lucas's Caſes of L. & Eq. 202. (1) Miſtake of Judge or Jury good Cauſe for new Trial. Strange, 1105. Ibid. 584. Evidence doubt-full no new Trial ſhould be granted, but here 'twas againſt direct Evidence. New Trial granted after Trial at Bar, is conceded. This Caſe is not like Ejectment — he may have a new Ejectment; not ſo here.

*Auchmuty.* If ever any Caſe was excepted from new Trials, this is. Trial at Bar is more favoured than Trial otherwiſe, becauſe of its Solemnity. I confeſs I wiſh for a Power in the Court to ſet aſide Verdicts, but not for an unlimited one. This Caſe was not againſt Evidence. I allow there was Evidence againſt Evidence; and two Verdicts, though no Rule of Controul, is yet of ſome Weight. (2)

Strange,

---

(1) 10 Mod. 202, *The Queen* v. *Helſton.*
(2) S. P. 7 Maſs. 301.   9 Maſs. 450.   18 Pick. 15.   8 Gray, 46.

Strange, 1105. Evidence doubtfull. Ibid. 1142. Salk. 648, *Sparks* vs. *Spicer*. The Court is not to be Judge of the Law and Fact too abſolutely; if it ſhould be, it takes away all Verdicts but ſuch as are agreeable to the Mind of the Court. It would be opening a Door to great Inconveniences to the Subject, even if Attaints did not lie; but here Attaint lies. (3)

*Ch. Juſtice.* Are you not agreed, that, were it evidently againſt Law and Evidence, there the Court may grant a new Trial, but not where there is Evidence on both Sides. (4)

*Trowbridge.* It can never be ſuppoſed that a Verdict will be given againſt direct Evidence, without Shadow of Evidence to ſupport it. This differs from the Caſe of *Fuller & Clark* at Cambridge —there was plainly Evidence againſt Evidence. I hold, this Court always have Right to grant new Trials when they think Injuſtice like to be done.

*Juſtices Oliver, Cuſhing, Ruſſell & Lynde* againſt a new Trial, becauſe the Court were not clear in the former Trial.

---

(3) It ſeems however that attaints had long been obſolete. See 3 Bl. Com. 390 — " The attaint is now as obſolete as the trial by battel which it ſucceeded, and we ſhall probably ſee the revival of one as ſoon as the revival of the other." But in *Aſhford* v. *Thornton*, 1 B. & Ald. 460, wager of battel was ſuſtained by the Court in 1818.

(4) See 20 Pick. 289, *Shaw, C. J.* — " For a long time it was conſidered that a new trial could only regularly be granted, where the verdict was without evidence or againſt the whole evidence. It has however been extended to caſes, where the verdict is clearly againſt the weight of evidence, although evidence was given on both ſides."